IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| David M. Kunda, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:17-cv-3134-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Honeywell International, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff David M. Kunda's ("Plaintiff" or "Kunda") complaint against Defendant Honeywell International, Inc. ("Defendant" or "Honeywell"), alleging racial discrimination in violation of Title VII of the Civil Rights Act of 1964. On December 28, 2018, Defendant filed a motion for summary judgment, to which Plaintiff responded.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report") on February 27, 2019, outlining the issues and recommending that the Court grant Defendant's motion for summary judgment. Plaintiff filed written objections to the Report, but for the reasons set forth below, the Court finds Plaintiff's objections without merit, and the Court adopts the Magistrate Judge's Report in full and grants Defendant's motion for summary judgment.

**STANDARDS OF REVIEW**

**I.      The Magistrate Judge's Report**

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## II. Federal Rule of Civil Procedure 56

A court shall grant summary judgment if a party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The judge is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

## **DISCUSSION**

In her Report, the Magistrate Judge first explained Plaintiff's employment history and the alleged employment infractions. Next, the Magistrate Judge outlined the proper way to analyze Plaintiff's employment discrimination claims. As the Magistrate Judge explained, a Plaintiff may establish a discrimination claim either by direct evidence or pursuant to the burden-shifting scheme set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973). Direct evidence of discrimination is "evidence of conduct or statements that both reflect directly on the alleged discriminatory attitude and that bear directly on the contested employment decision." *Cassity v. Green*, 749 F. Supp. 2d 380, 402 (D.S.C. 2010) (citing *Taylor v. Va. Union. Univ.*, 193 F.3d 219, 232 (4th Cir. 1999) (*en banc*), abrogated on other grounds, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003)). In the absence of direct evidence of discrimination, a plaintiff may establish a claim using the *McDonnell Douglas* burden-shifting scheme, which requires a plaintiff to first demonstrate a prima facie case of discrimination. If a plaintiff succeeds in establishing a prima facie case, then the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the adverse employment action. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000); *see also Hux v. City of Newport News*, 451 F.3d 311, 314-15 (4th Cir. 2006). If the defendant does so, then the ultimate burden falls on the plaintiff to establish "that the legitimate reasons offered by the defendant were not its reasons, but were a pretext for discrimination." *Reeves*, 530 U.S. at 142. "Although intermediate evidentiary burdens shift back and forth under this framework, '[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff.'" *Id.* (quoting *Community Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)).

Here, the Magistrate Judge noted that Defendant Honeywell does not dispute that Plaintiff is a member of a protected class or that he suffered an adverse employment action. Accordingly, the Magistrate Judge next considered whether Plaintiff showed that he was satisfactorily performing his job duties and meeting his employer's legitimate expectations. The Magistrate Judge outlined the evidence related to complaints that Defendant received about Plaintiff's alleged violations of company policy, and the

3

Magistrate Judge also considered Plaintiff's adamant denial of the allegations against him. However, because Plaintiff offered nothing more than conclusory assertions to dispute the allegations and the evidence offered by Defendant, the Magistrate Judge found that "there is no evidence from which a jury could conclude that Defendant did not honestly believe Plaintiff had violated the Company's books and records policy." (ECF No. 27 at 12 (citation omitted).) Accordingly, the Magistrate Judge found that Plaintiff failed to show that he was performing his job duties at a level that met his employer's legitimate expectations at the time of the adverse employment action.

In his objections to the Magistrate Judge's Report, Plaintiff asserts that he has provided sufficient evidence to create a genuine issue of material fact as to whether he was meeting his employer's job expectations, and Plaintiff again points to the fact that he received satisfactory performance reviews and promotions. Importantly, however, nowhere does Plaintiff point to any evidence that creates a genuine issue of material fact as to Defendant's belief that Plaintiff violated the company's books and records policies. Plaintiff summarily asserts that "[t]he fact that Defendant chose [to] pursue allegations from an unknown source and unilaterally determined the Plaintiff (an employee with a history of exemplary performance) was "lying" is certainly evidence of bad faith." (ECF No. 28 at 3.) However, the Court is not convinced by Plaintiff's argument and finds this objection wholly without merit.

Next, the Magistrate Judge determined that even if Plaintiff could create a genuine issue of material fact as to his job performance, he still failed to produce evidence that other employees outside of his protected class were retained under similar circumstances.

Plaintiff objects to this conclusion and asserts that "Plaintiff has set forth multiple

instances wherein Caucasian employees were treated more favorably," and asserts that Caucasian employees were mentored more than he was and were not written up for using terms like "stupid" or "idiot." The Magistrate Judge considered Plaintiff's allegation that white employees were treated more favorably but found that there was no evidence indicating that white employees were retained under circumstances similar to those surrounding Plaintiff's termination. As the Magistrate Judge noted, Plaintiff even testified at his deposition that he was not aware of any other employees who were alleged to have violated the company's books and records policy and were more favorably treated. After review, the Court agrees with the Magistrate Judge that Plaintiff has failed to show that employees outside his protected class were treated more favorably under similar circumstances, and the Court overrules Plaintiff's objection on this point.

Finally, the Magistrate Judge concluded that, even assuming for the sake of argument that Plaintiff could establish a *prima facie* case of race discrimination, Defendant had met its burden of showing a legitimate, non-discriminatory reason for its actions–namely, that Plaintiff was fired because Defendant determined that he violated the company's books and records policy–and that Plaintiff failed to show that the reason was a pretext for discrimination.

Plaintiff objects to these findings and contends that Defendant failed to establish a legitimate reason for Plaintiff's termination and that Plaintiff offered evidence of pretext, but the Court finds Plaintiff's objections wholly without merit. Plaintiff argues that the evidence that Defendant relied on for terminating him was not credible, but he points to no other evidence indicating that Defendant's stated reason for his termination was a mere pretext for discrimination, and the Court finds absolutely no merit to Plaintiff's entirely

unsubstantiated claim that his "appearance is what creates the incentive to unfairly rest upon anonymous, untrustworthy allegations of misconduct." (ECF No. 28 at 4.) Plaintiff's objections are overruled.

**CONCLUSION**

In all, the Court finds that the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law, and the Court finds no reason to otherwise disturb the Magistrate Judge's well-reasoned findings. Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 27); the Court overrules Plaintiff's objections (ECF No. 28); and the Court grants Defendant's motion for summary judgment (ECF No. 25).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

July 25, 2019
Charleston, South Carolina